Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50360 | **DATE** | 4/11/2003 |
| **CASE TITLE** | Martin Properties Inc. vs. Florida Indus. Inv. Corp., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached memorandum opinion and order, MPI's Motion to Compel is granted in part and denied in part. The Magistrate Judge orders the parties to submit an agreed protective order designating the amended agreement, and the document the amended agreement purported to replace, as attorneys-eyes only and that these documents may only to be used in the Illinois litigation. The Magistrate Judge orders this be done within 7 days of this Order. If the parties cannot agree upon a protective order, then the parties are to submit their own versions of a protective order to the Magistrate Judge within 7 days of this Order. Additionally, FIIC/IRF is ordered to deliver to MPI an unredacted copy of the amended agreement and the document the amended agreement purported to replace within 7 days of the entry of the protective order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 14 2003 | 48 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | |
| | Mail AO 450 form. | 03 APR 11 PM 4:17 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED-GM | 4/9/2003 | |
| | | | date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| MARTIN PROPERTIES, INC., an Illinois corporation, ) ) ) | |
| Plaintiff, ) | Case No. 99 C 50360 |
| ) | |
| v. ) ) | Philip G. Reinhard P. Michael Mahoney |
| FLORIDA INDUSTRIES INVESTMENT ) CORPORATION, a Florida corporation, and ) INDIAN RIVER FARMS, INC., a Florida ) corporation, ) ) | |
| Defendants. ) | |

## Memorandum Opinion and Order

Plaintiff Martin Properties, Inc. ("MPI") filed a Motion to Compel[1] ("MPI's Motion to Compel") pursuant to Rule 37 of the Federal Rules of Civil Procedure requesting an order compelling Defendants Florida Industries Investment Corporation ("FIIC") and Indian River Farms, Inc. ("IRF")(collectively "FIIC/IRF") to produce an unredacted copy of the amended agreement between FIIC/IRF and VOSR Industries ("VOSR") and a copy of the document that the amended agreement purported to amend. FIIC/IRF filed their Response ("FIIC/IRF's Response") to MPI's Motion to Compel on April 7, 2003. MPI notified the Magistrate Judge on April 3, 2003 that it would not be filing a reply. For the reasons set forth below, MPI's Motion to Compel is granted in part and denied in part.

---

[1] The Magistrate Judge reminds MPI that it must comply with Local Rule 5.2 (a)(1) and (2) when filing any documents with the court. Although MPI's Motion to Compel does not appear to comply with either Local Rule 5.2 (a)(1) or (a)(2) the Magistrate Judge will nonetheless accept it pursuant to Local Rule 5.2 (b).

## Background

This case arises from MPI's purchase of property owned by FIIC/IRF in a foreclosure sale. That purchase has resulted in litigation in two states – Florida and Illinois. The Florida case allegedly is a dispute over the Florida foreclosure proceedings, the mechanics of the foreclosure sale and attempts to redeem the property from foreclosure. (Mot. to Compel at ¶1). The case in the Northern District of Illinois however does not concern the foreclosure sale, but rather allegations concerning FIIC/IRF's purported attempts to assign their equitable right of redemption (Count II) to VOSR and a breach of the contract (Count III) that FIIC/IRF entered into with MPI, under which they had allegedly agreed to forego any right, title, or interest in the Florida property after the foreclosure sale. (*Id.*).

MPI alleges that, in September 1999, its president, Mr. Martin, received a telephone call from William Canty of Southeast Realty Advisors, Inc. The purpose of this call was to inquire about the availability of a mortgage loan secured by undeveloped land in Vero Beach, Florida. (Am. Compl. at ¶ 9). Allegedly, Mr. Canty, an agent of IRF, offered this land as collateral for a mortgage loan. (*Id.*). Documents were exchanged between the two parties of which the substance is not relevant to the instant motion. Because IRF did not hold title to the land, FIIC also became a proposed borrower from MPI. (*Id.* at ¶ 15).

Allegedly, on or around September 24, 1999, MPI became aware that the land being offered for collateral on the loan between MPI and FIIC/IRF was to be sold at foreclosure on September 30, 1999. (*Id.* at ¶21). MPI also claims that it discovered that FIIC, which held title to the land, had filed for bankruptcy protection within a year of the attempted loan to avoid foreclosure by its first mortgage lender, YPF Partners. Even more problematic for MPI, it found out that neither FIIC or

2

IRF owned, controlled or had any interest in 33.75 acres of land it put forward as collateral. (*Id.* at ¶24). In the end, MPI was the successful bidder at the foreclosure sale concerning the Florida land. (Pl.'s Mot. to Compel at 2)(citing *Indian River Farms v. IBF Ptnrs*, 777 So. 2d 1096, 1097 (Fla. 4th DCA 2001)).

However, on October 29, 1999, MPI alleges that FIIC/IRF and Mr. Canty entered into an agreement purporting to assign to VOSR their equitable right of redemption to the property from foreclosure via a signed document titled "amended agreement." (Mot. to Compel at 4). Allegedly, also on October 29, 1999, VOSR tendered funds to redeem the property from foreclosure, but the foreclosure court rejected the tender and issued title to MPI and disbursed MPI's funds to pay off the four mortgages on the property. (Mot. to Compel at 5)(citing *Indian River Farms*, 777 So. 2d at 1098; *Martin Props. Inc. v. Florida Indus. Inv. Corp.*, 833 So. 2d 825, 827-28 (Fla. 4th DCA 2002)).

Back in the Florida case, during the Florida foreclosure proceedings, MPI requested copies of the amended agreement between FIIC/IRF and VOSR, as well as any prior agreements. (Mot. to Compel at 6). Apparently, the Florida court performed an *in camera* inspection and, applying its interpretation of Florida's discovery rules, concluded that the amended agreement contained confidential information or trade secrets and ordered a heavily redacted version of the amended agreement be produced to MPI. (*Id.*). The issue of the redacted version of the amended agreement has been appealed at least twice by MPI and remanded at least once and, as of January 30, 2003, the issue has not been fully resolved.

## Discussion

Federal Rules of Civil Procedure 26(b) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party,

3

... . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Rule 37(a)(2)(B) enforces this obligation by providing "... if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted or, ... the discovering party may move for an order ... compelling inspection in accordance with the request ." Fed. R. Civ. P. 37(a)(2)(B).

MPI puts forward five reasons why the Magistrate Judge should grant its Motion to Compel: (1) the Federal Rules of Civil Procedure, and not the Florida state court rules, govern discovery in this case and the Federal Rules of Civil Procedure demand disclosure in this case; (2) the instant case and the Florida case are not identical; (3) FIIC/IRF's objections that the documents sought contain confidential information and/or trade secrets do not meet the requirements of the Federal Rules of Civil Procedure; (4) even if the requested documents contain confidential information and/or trade secrets, the documents should at a minimum be produced subject to a protective order; and (5) FIIC/IRF have both incompletely recited the history of the Florida case. (MPI's Mot. to Compel at 6-7).

As an initial matter, the Magistrate Judge notes that this is a 1999 case that has stood in waiting for a Florida case to get resolved, only to see the Florida case, some four years later, move nowhere. While both parties argue that it is the other side who is stalling in an attempt to see what happens in Florida, the Magistrate Judge can no longer leave this case in limbo. Additionally, the Magistrate Judge acknowledges that there may be a *Rooker-Feldman* doctrine issue present in the instant case and notes that FIIC/IRF has filed a motion to dismiss to that affect, which was only recently fully briefed. However, as stated above, FIIC/IRF's motion to dismiss is four years in the

4

making and the Magistrate Judge can wait no longer.

While the Magistrate Judge did consider all five reasons argued by MPI for granting its Motion to Compel, the Magistrate Judge finds it appropriate to only address reason #4. MPI argues that even if the documents it seeks are confidential and/or trade secrets, the documents should nevertheless be produced subject to a protective order. (MPI's Mot. to Compel at 7)(citing *IDX Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 583 (7th Cir. 2002)(noting that while it is understandable that a party does not want to tip off a business rival by divulging trade secrets, "tools such as protective orders are available to make this process less risky, ... .")).

On the other hand, FIIC/IRF argues that the documents MPI seeks are irrelevant and the lack of any relevancy precludes the documents from having to be produced regardless of there being a trade secret or confidential information. (FIIC/IRF's Resp. at 3-4). Additionally, FIIC/IRF argues that while the Seventh Circuit has accepted the use of protective orders, the court also has cautioned that courts should be circumspect in their use. However, FIIC/IRF cited no authority for this proposition.

Count II of MPI's Amended Complaint alleges FIIC/IRF breached their contract with MPI when they purported to transfer their right to redeem the Florida foreclosed tract to VOSR. (Am. Compl. at ¶52). Thus, in terms of the case currently in the Northern District of Illinois, the contract between FIIC/IRF and VOSR is relevant under Federal Rules of Civil Procedure 26(b). However, while the Magistrate Judge finds the documents are relevant under Rule 26(b) and discoverable, the Magistrate Judge will give deference to the Florida state court judge who redacted portions of the amended agreement. Therefore, the Magistrate Judge orders the parties to submit an agreed protective order designating the amended agreement, and the document the amended agreement

5

purported to replace, as attorneys-eyes only subject to further court order and that these documents may only to be used in the Illinois litigation. The Magistrate Judge orders this be done within 7 days of this Order. If the parties cannot agree upon a protective order, then the parties are to submit their own versions of a protective order to the Magistrate Judge within 7 days of this Order. Additionally, FIIC/IRF is ordered to deliver to MPI an unredacted copy of the amended agreement and the document the amended agreement purported to replace within 7 days of the entry of the protective order.

## Conclusion

For the above mentioned reasons, the Magistrate Judge orders the parties to submit an agreed protective order designating the amended agreement, and the document the amended agreement purported to replace, as attorneys-eyes only and these documents may only to be used in the Illinois litigation. The Magistrate Judge orders this be done within 7 days of this Order. If the parties cannot agree upon a protective order, then the parties are to submit their own versions of a protective order to the Magistrate Judge within 7 days of this Order. Additionally, FIIC/IRF is ordered to deliver to MPI an unredacted copy of the amended agreement and the document the amended agreement purported to replace within 7 days of the entry of the protective order.

ENTER:

_____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 4/11/03