Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50360 | **DATE** | 6/19/2003 |
| **CASE TITLE** | MARTIN PROPERTIES, INC. vs. FLORIDA INDUSTRIES INVESTMENT CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss for lack of subject matter jurisdiction and, alternatively, for abstention is denied. The parties are ordered to discuss setting a settlement conference or appointment of a mediator at the next status hearing before Magistrate Judge Mahoney.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUN 19 2003 date docketed | | 51 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6-19-03 date mailed notice | |
| /SEC courtroom deputy's initials | | 03 JUN 19 PM 2:50 Date/time received in central Clerk's Office | SW mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Martin Properties, Inc. ("MPI"), an Illinois corporation with its principal place of business in Illinois, filed an amended complaint on January 24, 2003, against defendants, Florida Industries Investment Corporation ("FIIC") and Indian River Farms, Inc. ("IRF"), both Florida corporations with their principal places of business in Florida. Diversity jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a) (1). Count I seeks a declaratory judgment finding plaintiff is not bound to make a loan to either of the defendants. Count II seeks damages for breach of contract arising from defendants' purported transfer to a third party, VOSR Industries, Inc. ("VOSR"), of the right to redeem certain Florida real estate purchased by plaintiff at a foreclosure sale. Defendants moved to dismiss for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine or alternatively for abstention under the Colorado River doctrine.

The Rooker-Feldman doctrine provides that lower federal courts lack subject matter jurisdiction over claims where the injury which the federal plaintiff alleges results from a state court judgment itself. Schmitt v. Schmitt, 324 F.3d 484, 486 (7th Cir. 2003). The doctrine may apply to interlocutory state court decisions where the federal plaintiff is attempting to circumvent the prescribed mode of appellate review. Id. at 487. "An action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision, is [also] barred by the Rooker-Feldman doctrine." Epps v. Creditnet, Inc., 320 F.3d 756, 759 (7th Cir. 2003).

Defendants argue plaintiff's claims are attempts to review decisions made by the Florida courts and that the injury alleged in this action is "inextricably intertwined" with the Florida case. In the Florida case, plaintiff was the successful bidder at a real estate mortgage foreclosure sale. VOSR tendered the full amount due under the mortgage to the clerk of court in an attempt to redeem the property from the sale but the clerk rejected the tender. The Florida appellate court ruled that an evidentiary hearing was required to determine whether the right of redemption had been properly assigned to VOSR. Indian River Farms v. YBF Partners, 777 So.2d 1096, 1098-99 (Fla. Dist. Ct. App. 2001). The trial court subsequently found plaintiff lacked standing to intervene and found VOSR was entitled to redeem. The appellate court held plaintiff had standing and reversed and remanded for a resolution of the legal and factual issues concerning the assignment. Martin Properties, Inc. v. Florida Indus. Inv. Corp., 833 So.2d 825, 827 (Fla. Dist. Ct. App. 2003). The validity of the assignment remains undecided in the Florida courts. There is no decision of the Florida courts this court is being asked to review or with which plaintiff's claimed injury can be "inextricably intertwined". The pendency of an action in state court is generally no bar to proceedings concerning the same subject matter in federal court. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The Rooker-Feldman doctrine does not preclude plaintiff from pursuing its claims here.

Defendants also seek abstention under the Colorado River doctrine. This doctrine allows for abstention when there are parallel federal and state court proceedings. See id; Finova Capital Corp. v. Ryan Helicopters U.S.A., Inc., 180 F.3d 896, 898 (7th Cir. 1999). In determining whether to abstain, the court's first task is to determine whether the federal and state proceedings are in fact parallel. Finova, 180 F.3d at 898. "'Suits are parallel if substantially the same parties are litigating substantially the same issues simultaneously in two fora.'" Id. (quoting Schneider Nat'l Carriers, Inc. v. Carr, 903 F.2d 1154, 1156 (7th Cir. 1990)). Any doubt regarding the parallel nature of the proceedings should be resolved in favor of exercising jurisdiction. AAR Int'l, Inc. v. Nimellas Enter. S.A., 250 F.3d 510, 520 (7th Cir.) cert. denied, 534 U.S. 995 (2001). Here, while count II involves the question whether defendants could assign the right of redemption, an issue related to whether VOSR obtained the right of redemption by assignment, count I involves disputes concerning plaintiff's obligation to make a loan, its use of confidential information, breach of fiduciary duty and fraud. It also involves real estate which is not the subject of the Florida foreclosure proceedings. The Florida litigation would not be "an adequate vehicle for the complete and prompt resolution of the issues between the parties," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28 (1983), because the federal case has issues not before the Florida court. The issues being litigated are not substantially similar so abstention is not appropriate and would not promote "wise judicial administration." See Colorado River, 424 U.S. at 817. Accordingly, defendant's motion for abstention is denied.

For the foregoing reasons, defendants' motion for dismissal for lack of subject matter jurisdiction and alternatively for abstention is denied.