# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50360 | **DATE** | 2/4/2004 |
| **CASE TITLE** | MARTIN PROPERTIES vs. FLORIDA INDUSTRIES | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss this action is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | number of notices | |
| | No notices required. | | | | | |
| X | Notices mailed by judge's staff. | | | FEB 0 4 2004 | | 04 |
| | Notified counsel by telephone. | | | date docketed | | |
| | Docketing to mail notices. | | | | docketing deputy initials | |
| | Mail AO 450 form. | | | | | |
| | Copy to judge/magistrate judge. | | | | 2-4-04 | |
| | | | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | Date/time received in central Clerk's Office | | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Martin Properties, Inc. ("MPI"), an Illinois corporation with its principal place of business in Illinois, filed a second amended complaint on July 23, 2003, against defendants, Florida Industries Investment Corporation ("FIIC") and Indian River Farms, Inc. ("IRF"), both Florida corporations with their principal places of business in Florida. Diversity jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a) (1). Count I seeks a declaratory judgment finding plaintiff is not bound to make a loan to either of the defendants. Count II seeks damages for breach of contract arising from defendants' purported transfer to a third party, VOSR Industries, Inc. ("VOSR"), of the right to redeem certain Florida real estate purchased by plaintiff at a foreclosure sale. Count III alleges promissory estoppel bars defendants from asserting plaintiff did not purchase the foreclosed property free and clear of the interests of defendants. Count IV claims equitable estoppel prohibits defendants from denying the foreclosed property was purchased free and clear of defendants' claims. Defendants move to dismiss for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine. Their motion to dismiss the first amended complaint on the same basis was previously denied by the court in an order entered June 19, 2003. The court denies the current motion for the same reasons set forth in the June 19th order and the court will not repeat the facts and reasoning set out in that order here.

The difference between the first amended complaint and the second amended complaint at issue here is the addition of the two estoppel counts in the second amended complaint. These counts simply state different theories of recovery on essentially the same facts as the breach of contract claim in Count II. This does not change the essential fact that the Florida courts have not rendered a decision that this court is being asked to review or with which plaintiff's claimed injury can be said to be "inextricably intertwined." The validity of the assignment of the right of redemption to VOSR remains undecided on the Florida courts. The Rooker-Feldman doctrine does not preclude plaintiff from pursuing its claims here.

For the foregoing reasons, defendant's motion to dismiss this action is denied.